[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ALIMONY PENDENTE LITE
The plaintiff has moved for alimony pendente lite. The matter was heard on February 7 and March 27, 2002.
The parties were married on June 23, 1993. The action for dissolution was commenced on October 25, 2001. This is the third marriage for the plaintiff and the second marriage for the defendant. There are no children issue of the marriage, but both parties have children of their prior marriages.
The plaintiff is a beautician. She had been such for 25 years and owned her own business known as Emily's Curl Up and Dye. She is in good health and is 42 years of age. The business was located in West Haven in property owned by the defendant's father. Prior to the commencement of this action and subsequent to the plaintiff obtaining a § 46b-15
restraining order against the defendant, the defendant went into the beauty salon when the plaintiff was not there. The defendant installed a wall in the beauty shop so that she had no controls for heat or hot water. With the hot water shut off, she was unable to operate her shop. As a result, the plaintiff had to move her business to a new location and has lost approximately $150 a week in income due to loss of clients because of the change of location.
Up until October 13, 2001, the defendant resided with the plaintiff in their jointly owned condominium at Fiddlers Green in Stratford. Up until that time, he paid one half of the mortgage, insurance, taxes, common charges, utilities and cable. He also paid for the newspaper, the car insurances and the health insurance. He has paid nothing to the plaintiff since October. Based upon the figures in the plaintiff's affidavit, one half of the expenses noted above amounted to $217 per week. Since the defendant's departure, the plaintiff has rented the extra room in the condominium and receives $125 per week rental for that room.
On October 16, 2001, the defendant sent a tow truck to pick up his car which had been used by the plaintiff during their marriage. Plaintiff's counsel was able to prevent the car's removal. This was the day before the defendant shut the water off at the beauty shop. This conduct by the defendant was before service of the dissolution complaint and the automatic orders which, had the action been commenced, would have caused the defendant to be in contempt. CT Page 5179
The defendant is in good health and is 53 years of age. He is a licensed real estate broker and operates his own agency. He has one full time and one part time sales person in his office. in his financial affidavit, the defendant states his income for the thirteen week period prior to the date of his financial affidavit (February 7, 2002) was $250 per week. He stated that this was a guesstimate and that he had no records to support this. He stated all his records for 2001 were with his accountant to prepare his income tax return.
In November, 2001, the defendant applied for a life insurance policy. In that application he stated his monthly income was $8,000 per month. (Plaintiff's exhibit A.) His business income for the year 2000 was $29,500. (See plaintiff's exhibit B.)
The defendant testified that his income consisted entirely of commissions. For the thirteen week period prior to February 7, 2002, he stated that his income was less than at other times of the year. He stated that in the two week period prior to March 27, 2002, there had been two commissions, one in the amount of $3800 and one in the amount of $3200. He stated further that this is the best season of the year for sales of real estate.
At this time, the defendant is staying at his father's condominium in West Haven while his father is in Florida. He is paying no rent and has no household expenses. The $250 per week income shown on the defendant's financial affidavit is not representative of his annual income. The plaintiff's income is less than it was before her business moved. The court finds the defendant's net income to be approximately $480 per week.
Alimony is sought here pursuant to § 46b-83 of the General Statutes. The court has considered all of the factors of § 46b-82
of the General Statutes together with the applicable case law and enters an order that the defendant pay to the plaintiff $200 per week by way of alimony pendente lite.
This has been pending since October 25, 2001. The defendant has paid nothing to the plaintiff towards her household expenses. The order for $200 per week alimony pendente lite shall commence October 25, 2001. There is an arrearage therefor for 23 weeks at $200 per week for a total of $4600. The defendant shall pay $50.00 per week toward this arrearage until fully paid.
The defendant shall allow the plaintiff to continue to use the 1990 Buick which she has been driving and shall continue to insure the same pendente lite. CT Page 5180
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE